ALBANY,
Feb. 1834.

New-York
State Bank
v.
Wood.

## NEW-YORK STATE BANK *vs.* WOOD.

On a judgment by default in this court, where the damages are *assessed by the clerk* and the recovery *does not exceed* $250, the plaintiff is entitled to recover $13,50 costs, exlusive of the fees of officers and actual disbursements, and no more.

February 20.

THE judgment in this case was on *assessment of damages* by the clerk, for an amount less than $250, and the plaintiffs had their costs taxed on a *bill of items*, i. e. charging *retaining fee* $2,50, *drawing declaration* $1,50, *and so forth*, particularizing all the proceedings in the suit, besides the disbursements—such as postages, &c. The defendant insisted that the costs, exclusive of the fees of officers and other actual disbursements, should have been taxed at the gross sum of $13,50, the amount allowed in the *common pleas*, on a judgment by default, where the damages are assessed by the clerk. The difference in the amount in this case, whether taxed upon the one principle or the other, was but small ; but the defendant insisted that the mode contended for by him should have been adopted, and therefore moved for a retaxation.

*By the Court*, SUTHERLAND, J. The statute directs that in a suit in this court, where the plaintiff recovers $250 or less, his costs shall be taxed *at and after the rate allowed for similar services in the courts of common pleas*, 2 *R. S.* 614, § 9 ; that is, for the services rendered in the suit, the plaintiff shall recover the same costs which are allowed for similar services in the courts of common pleas. What then are the costs which are allowed in the courts of common pleas, on a judgment by default, where the damages are assessed by the clerk ? The statute says that the costs in such case, exclusive of the fees of officers and other actual disbursements, shall be $13,50, and no more, 2 *R. S.* 615, § 13. The only doubt which can exist upon this subject arises from the fact that the portion of the *ninth* section of the revised statutes, above referred to, relating to this subject, has been the law of this state since 1801, 1 *Kent & Radcliff's ed. of the Laws*, 528, § 4 ; 1 *R. L.* 344,

§ 4; and the provision of the *thirteenth* section, also above referred to, was not adopted until 1818, see *Laws of* 1818, *p.* 280, § 10, and it, by its *terms*, is limited to the regulation of costs in the courts of *common pleas* and *mayors' courts.* Until 1818, of course, bills of costs in this court, where the recovery was $250 or less, would necessarily be taxed by *items;* for, until then, no sum in gross had been specified by the legislature as the allowance which should be made in certain specified cases. Then, however, a sum in gross was given; and although, by the terms of the act, confined to the courts *of common pleas* and *mayors' courts,* by necessary consequence the costs in suits prosecuted in this court, where the amount of the recovery was within the limited sum, were regulated by it. The costs are to be taxed at and after the rate allowed for similar services in the courts of common pleas. Previous to 1818, the costs in those courts, on assessment, were unlimited in amount, depending upon the services performed and regulated by the fee bill; and so as to costs on assessment in suits in this court, where the recovery was $250 or less; but after 1818, the costs on assessment in the common pleas were limited, and as the costs in the supreme court, where the recovery was less than the specified amount, continued to depend upon the rate allowed for similar services in the common pleas, and that rate having become a sum in gross and no longer consisting of a specific compensation for specific services, the costs which a plaintiff prosecuting a suit in this court was entitled to recover, was at and after the rate allowed for similar services in the common pleas. The conclusion, therefore, is, that on a judgment by default in this court, as well as in the courts of common pleas, where the damages are assessed by the clerk and the recovery does not exceed $250, the plaintiff is entitled to recover $13,50 costs, exclusive of the fees of officers and other actual disbursements, and no more. There must, therefore, be a retaxation.